Our final case for this morning is United States v. Schreiber Mr. Jameson Good morning. May it please the court, I'm here today on behalf of Aaron Schreiber, who was convicted and sentenced last October to seven years in prison for the robbery of Archer Bank in Summit, Illinois. I think the parties have briefed the facts and what I believe to be the relevant law, so in the interest of time I think I'm just going to hop to the decision of the judge, Judge Wood in this case. And maybe preliminary to that, I'll point out that Judge Wood incredibly patiently and considerably, deliberately handled this case. My client in both the underlying state, which is the issue of the suppression motion, the exclusionary, the argument about poisonous tree doctrine, was pro se and he was also pro se at the district court. And Judge Wood did a wonderful job in handling that and giving him his many, many days in court with great patience and respect. But I think she made a mistake here in making a determination. She had made an oral determination, essentially it was sui sponte, it was an issue that hadn't been briefed, it hadn't been argued, and she announced that because of an intervening state court indictment, it was going to cleanse, it was going to expunge, it was going to remove, sanitize, do away with any potential taint, and arguably anyway, unlawful arrest at the state level. And she promised at that hearing that she would issue a ruling in writing so the parties are perfectly clear as to what I think the issues are, so that there is a clear record on what the holding is. And so quoting from her order, she said, because this court concludes that the collection of Shriver's DNA after his state court grand jury indictment did not violate his constitutional rights, his motion to suppress is denied. And I think that was erroneous, your honors, on the basis of relevant Supreme Court precedent and the most recent Supreme Court pronouncement in Manuel v. City of Joliet. I believe that it's been the law since... Counsel, does the exclusionary rule apply at the grand jury stage? It does not. And I take it that's why there's no contention in this case that the grand jury indictment was invalid. I believe that's right, your honor. And so all you have is the simple rule that probable cause supports taking a DNA sample, that's Maryland against King, and that an indictment conclusively shows probable cause, that's Cayley against the United States. You put those two together, what's left? Well, I'm going to first off, your honor, talk about King, which is the taking of a DNA sample incident to an arrest. That was not the case in the case before the court today. The DNA sample was taken approximately seven months after the arrest. I don't understand why that's significant. The basis of King's core holding is that probable cause supports taking a DNA sample. And the indictment supports probable cause. My question is what's missing? There's nothing about how long you wait after probable cause or when probable cause is established. It's just indictments show probable cause and probable cause supports the taking of a DNA sample. My question is what's missing in this sequence? That the result of the grand jury indictment does not remove, in and of itself, does not remove the taint of an unsupported, unfounded, unlawful, in violation of Fourth Amendment right, search or seizure. It seems to me the only way you can get there is to say that the indictment is invalid. The only way the indictment could be invalid is if the exclusionary rule applied to grand juries. And you've conceded, I think entirely correctly, that it does not. And that would be true. So the indictment is valid. That would be true under Calandro, which said that if the evidence is tainted, it's inadmissible at trial. We're not going to get to the issue of whether it's properly before the grand jury or not because it's not going to be used later. And that was what the holding was in Silverthorne. Justice Oliver Wendell Holmes, 1920, said it's not just that we're not going to use this in court. It's not going to be used at all. And so I believe it would have been well, the decision of the Supreme Court that was just issued in the last couple of months, particularly footnote eight, that this indictment does not magically remove or expunge the taint of the unfounded arrest of Mr. Schreiber. There was absolutely no evidence tying him to the liquor store, which was the purpose of the stop. He was not a witness. He wasn't described. He was not described by any of the witnesses being a participant. There's going to be a lot of discussion, I'm sure, about Officer Dominguez's testimony. He referred to a black driver and a black perpetrator of the crime. There were two people involved in the Chevy Suburban that he had followed. It was the purpose, the source, I'm sorry, the reason for his all-points bulletin that resulted in the car being pulled over, Mr. Schreiber being booked along with co-defendants. Mr. Schreiber's hearing before the state judge resulted in his motion to quash being granted, the other two co-defendants. As the government mentioned at a prior hearing, Judge Hines issued 15- or 16-page opinions pointing out that there was reasonable suspicion to stop the car and that there was probable cause to connect those defendants to the underlying liquor store robbery. So I believe, Your Honor, that if you go, and I'm sure the court has, to Manuel, to the Manuel decision that the Supreme Court just came out with, that the November 2011 DNA swab sample was impermissible fruit of the poisonous tree and that the indictment, in and of itself, doesn't end the inquiry. And I think that if it was unsupported in the first instance, it remains unsupported throughout the period of the detention. And I think that's what the Manuel court, you know, a month and a half ago, pointed out. And that, as you're well aware, was a Seventh Circuit court. And the court pointed out that the Seventh Circuit is something of an outlier in the area of Fourth Amendment law. And I believe that to say that with a magic wand, the indictment removes the taint for all purposes for all time is just not the law. And I don't think it's the correct law under the Supreme Court precedent that I think should guide this court's determination. Thank you. Thank you, Mr. Jamieson. Mr. Dixon. May it please the court, my name is Andrew Dixon on behalf of the government. I respectfully request that the court affirm defendant's conviction in sentence and find that the district court did not commit reversible error denying defendant's motion to suppress without conducting an evidentiary hearing. Your Honor, has the district court correctly determined that regardless of the state court's decision on the issue of suppression, the officer who collected defendant's buccal swab in November 2011 could have had an objectively reasonable good faith belief that the grand jury indictment in May 2011 provided probable cause for defendant's arrest and therefore, under Maryland v. King, made the collection of defendant's buccal swab lawful. To address defendant's points regarding Calandro and Silverthorne, I don't believe that either of those cases supports the proposition that a grand jury indictment does not provide probable cause or that probable cause under Maryland v. King does not support the collection of a buccal swab. Regarding Manuel, the Manuel case was a 1983 case which posed the question of whether a defendant's Fourth Amendment right against unlawful seizure and detention extends past the judicial determination of probable cause if that judicial determination was based on fabricated evidence. There's been no allegation here of fabricated evidence or that the underlying grand jury indictment was somehow invalid. For that reason, I believe it's an opposite. Just to briefly also point out that the district court did not abuse its discretion in making its ruling without first conducting an evidentiary hearing because defendant has not and did not identify any material issues of fact. Are there any other questions? Thank you. Thank you. Anything further, Mr. Jameson? One point, Your Honors. Thank you. The U.S. Supreme Court in Calandro stated, and I quote, the incentive to obtain an indictment from a grand jury is substantially negated by the inadmissibility of the illegally seized evidence in the subsequent prosecution of the search victim. I think it was a reversible error for Judge Wood to determine that in and of itself, on its face, the state court indictment was the end of the inquiry. We would request that this court reverse that decision and to the extent the court believes it's necessary, send it back for a full evidentiary hearing. As Judge Wood identified the issue, however, how can I determine whether or not there was probable cause for the stop or arrest in the state court case without holding her own evidentiary hearing to determine the issues? So thank you for your consideration. Thank you very much. And, Mr. Jameson, we appreciate your willingness to accept the appointment in this case and your assistance to the court as well as your client. The case is taken under advisement and the court is in recess. Thank you.